**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 19 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOSÉ RIDEOUT,

     Plaintiff - Appellant,

vs.

JAMES L. SAFFLE; RONALD
WARD,

     Defendants - Appellees.

No. 99-6410
(D.C. No. 98-CV-1301)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.[**]

     José Rideout, an inmate appearing pro se, appeals from the dismissal of his

civil rights action, 42 U.S.C. § 1983. Mr. Rideout filed his complaint in federal

district court on September 17, 1998, claiming that he was unconstitutionally

deprived of a liberty and property interest in his blood and deprived of his

Fourteenth Amendment rights when (1) prison officials forced him to provide a

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

blood sample for DNA testing on July 19, 1996, and (2) he received a July 25, 1996 disciplinary misconduct for refusal to obey the order to submit to DNA testing. A magistrate judge recommended that the complaint be dismissed as outside the statute of limitations. After reviewing Mr. Rideout's objections, the district court adopted the magistrate's recommendation in its entirety. Our jurisdiction arises under 28 U.S.C. § 1291 and we affirm.

The two year statute of limitations found in Okla. Stat. Ann. tit. 12 § 95(3) is the applicable limitations period for bringing a § 1983 action in Oklahoma. See Meade v. Grubbs, 841 F.2d 1512, 1522 (10th Cir. 1988). Mr. Rideout's claims arose on July 19, 1996, when the blood sample was taken, and on July 25, 1996, when a misconduct was issued. His complaint was not filed until September 17, 1998, over two years after his claims arose. Although Mr. Rideout argues that the limitations period should be equitably tolled, none of the reasons he proposes are convincing, especially in light of the fact that he filed a state court civil rights action in August 1996 alleging similar claims based on the same underlying facts. Therefore, the district court properly found that this action was time barred.

AFFIRMED.


Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge